UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMER E CAMPBELL,<br><br>Plaintiff,<br><br>v.<br><br>MEGAN J. BRENNAN,<br><br>Defendant. | Case No. 15-cv-03582-JSC<br><br>**ORDER RE: DEFENDANT'S MOTION TO DISMISS AND THE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 24 & 28 |

Plaintiff Elmer Campbell, proceeding pro se, filed this employment discrimination action on August 3, 2015. (Dkt. No. 1.) Defendant Megan Brennan, the Postmaster General, filed a motion to dismiss shortly thereafter. (Dkt. No. 13.) Plaintiff responded by filing a statement of non-opposition and a request for an extension of time to file an amended complaint. (Dkt. Nos. 15 & 16.) The Court granted the motion to dismiss without prejudice based on Plaintiff's non-opposition, and ordered Plaintiff to file his amended complaint by October 22, 2015. (Dkt. No. 17.) Plaintiff did so and Defendant again moved to dismiss. (Dkt. Nos. 18 & 24.) On the date his opposition to the motion was due, Plaintiff again filed a statement of non-opposition and a motion for leave to file a second amended complaint. (Dkt. Nos. 26-28.)

Federal Rule of Civil Procedure 15 governs amendment of pleadings. Under Rule 15(a)(1) a party may amend his complaint as a matter of right either within 21 days of filing or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12..." Thereafter, a party may only amend his pleading with consent of the opposing party or by leave of court. Fed. R. Civ. Pro. 15(a)(2). The Ninth Circuit recently clarified that there is "no timing component" in Rule 15 such that a party can amend his complaint as a matter of right notwithstanding a prior amendment if

such "other amendment" was done with the opposing party's consent or leave of court. *Ramirez v. Cty. of San Bernardino*, No. 13-56602, 2015 WL 7423064, at *4 (9th Cir. Nov. 23, 2015) ("[Rule 15] does not mandate that the matter of course amendment under 15(a)(1) be exhausted before an amendment may be made under 15(a)(2), nor does it state that the ability to amend under 15(a)(1) is exhausted or waived once a 15(a)(2) amendment is made."). Here, because Plaintiff was granted leave to file his first amended complaint such amendment constitutes an "other amendment" under Rule 15(a)(2), and his most recently filed second amended complaint may be filed as a matter of right under Rule 15(a)(1)(B).

Accordingly, the Court GRANTS Defendant's unopposed motion to dismiss the first amended complaint without prejudice. (Dkt. No. 24.) As Plaintiff's second amended complaint may be filed as a matter of right, the motion for leave to file it is denied as unnecessary. (Dkt. No. 28.) The second amended complaint is now the operative complaint. (Dkt. No. 28-1.) Defendant's motion to dismiss the second amended complaint shall be filed on or before January 8, 2016. Plaintiff may not respond to the motion by filing yet another amended complaint, and instead, must substantively address Defendant's motion in an opposition brief.

Plaintiff is reminded that he can contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415)-782-8982, for free assistance regarding his claims.

This Order disposes of Docket Nos. 24 & 28.

**IT IS SO ORDERED.**

Dated: December 3, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge