UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMER E CAMPBELL,<br><br>Plaintiff,<br><br>v.<br><br>MEGAN J. BRENNAN,<br><br>Defendant. | Case No.15-cv-03582-JSC<br><br>**ORDER RE: PLAINTIFF'S POST-JUDGMENT MOTIONS**<br><br>Re: Dkt. Nos. 69 & 71 |

Plaintiff Elmer Campbell brought this pro se employment discrimination action against his former employer Defendant the United States Postal Service alleging claims for retaliation and discrimination under the Rehabilitation Act and Title VII of the Civil Rights Act. The Court granted Defendant's unopposed motion for summary judgment after granting Plaintiff an extension of time to respond to the motion and he failed to do so. (Dkt. No. 62.) Plaintiff's Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(1) is now pending before the Court as is Plaintiff's subsequently filed motion for new trial. (Dkt. Nos. 69 & 71.) After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the July 27, 2017 hearing and GRANTS Plaintiff's Rule 60(b)(1) motion for the reasons set forth below.

**BACKGROUND**

Plaintiff filed this action in August 2015 alleging claims of disability discrimination and failure to accommodate. Plaintiff thereafter amended his complaint five times through either stipulation or following an order on one of Defendant's three motions to dismiss. Throughout this time, Plaintiff represented himself pro se with his friend Hank Royal, a non-attorney, providing informal "assistance." (Dkt. No. 3.) Plaintiff was cautioned that Mr. Royal as a non-attorney

could not represent him and was referred to the free Legal Help Center for assistance with his case on multiple occasions. (Dkt. Nos. 5, 29, 38.)

On June 10, 2016, Plaintiff filed his fifth amended complaint which pled claims for: (1) disability discrimination under the Rehabilitation Act, (2) retaliation under the Rehabilitation Act; and (3) retaliation under Title VII. (Dkt. No. 50.) Defendant thereafter answered. (Dkt. No. 51.) Defendant then sought to depose Plaintiff and required two extensions of time to do so because Plaintiff initially failed to cooperate in scheduling his deposition, and then when he did appear, he was confused about whether he had an attorney. (Dkt. Nos. 54 & 56.) Plaintiff later clarified that he did not have an attorney and his deposition was taken on February 24, 2017. (Dkt. No. 57 at 3.[1])

On April 20, 2017, Defendant filed a motion for summary judgment in accordance with the Pretrial Order filed nearly a year earlier. (Dkt. No. 60.) Plaintiff failed to file a timely opposition and the Court sua sponte granted him an extension of time, ordering Plaintiff to file his response to the motion for summary judgment by May 23, 2017. (Dkt. No. 62.) Plaintiff failed to do so, and instead, on May 24, 2017, Plaintiff filed an "ex parte motion" which sought a 60 day extension of time to respond to the motion for summary judgment because "I had not received proof of service for motion for summary judgement [sic] until May 23, 2017." (Dkt. No. 63.) The Court declined to grant Plaintiff a further extension of time to respond to the motion for summary judgment. Although the filing and hearing dates for the motion for summary judgment had been set more than a year prior, Plaintiff had apparently failed to check his PO Box for nearly a month. The Court concluded that Plaintiff had not shown good cause for failing to file his opposition. The Court noted that it and government counsel had been exceedingly patient with Plaintiff allowing him multiple opportunities to amend his pleadings to cure his failure to plead all of his claims in each iteration of his complaint and the Court had referred Plaintiff to the free Legal Help Center for assistance with his case on multiple occasions. The Court then considered the merits of the motion for summary judgment and granted it in full. (Dkt. No. 67.)

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

2

United States District Court
Northern District of California

1 A week later, Plaintiff filed the now pending motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(1). (Dkt. No. 69.) The government opposes the motion. (Dkt. No. 70.) Plaintiff then filed a motion for new trial under Federal Rule of Civil Procedure 59. (Dkt. No. 71.)

**DISCUSSION**

Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances. *Engleson v. Burlington Northern Railroad Co*., 972 F.2d 1038, 1044 (9th Cir. 1992).

Plaintiff seeks relief under the first prong for excusable neglect. The determination whether relief should be granted under Rule 60(b)(1) "depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United States Postal Serv*., 231 F.3d 1220, 1223-24 (9th Cir. 2000) (adopting standard to determine excusable neglect as set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd*., 507 U.S. 380, 395 (1993)). The court may consider the *Pioneer* factors without discussing how much weight it gives to each. *M.D. v. Newport-Mesa Unified Sch. Dist*., 840 F.3d 640, 643 (9th Cir. 2016) (per curiam).

Plaintiff contends that his failure to file an opposition to the motion for summary judgment should be excused based on a finding of excusable neglect. In particular, Plaintiff alleges that he failed to respond to the motion for summary judgment because Mr. Hank Royal who the "court had granted [] the privilege of being intermediate to Plaintiff because Plaintiff had no viable means to retrieve and or receive the courts [sic] correspondence in a timely manner[,]" had entered hospice in October 2016 and was near death. (Dkt. No. 69 at 2.) Plaintiff maintains that his

3

mobility disability impeded him from checking his own mail and that he relied on Mr. Royal to do so.

The Court never granted Mr. Royal, a non-attorney, any status in this lawsuit; rather, the Court repeatedly stated that Plaintiff was proceeding pro se and that he should visit the Legal Help Desk for free legal assistance. While the Court mailed copies of orders to Mr. Royal as a courtesy to Plaintiff, it also served Plaintiff with a copy of orders at his PO Box which is the address on file with the Court. (Dkt. Nos. 5-1, 12-1, 17-1, 23-1, 29-1, 37-1, 38-1, 48-1, 54-1 and 62-1.) Defendant likewise served Plaintiff with a copy of the motion for summary judgment at Plaintiff's PO Box. (Dkt. No. 60-16.) Further, Plaintiff never notified the Court that his address had changed nor did he seek any sort of relief from the Court based on an inability to proceed with the litigation due to Mr. Royal's incapacitation. *See* Civ. L.R. 3-11(a) (requires parties to "promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address"). Nonetheless, because the reason for the delay is just one of the four factors that the Court must consider in deciding a Rule 60(b)(1) motion, the Court turns to the other factors: prejudice to the opposing party, the length of the delay, and whether the movant acted in good faith. *See Bateman*, 231 F.3d at 1224 (holding that the district court abused its discretion when it only considered the reason for the delay and not the other three factors).

Defendant's opposition brief does not point to any prejudice as a result of Plaintiff's failure to oppose the motion for summary judgment, and instead, focuses on whether Plaintiff has shown excusable neglect and whether Plaintiff was treated fairly, which Defendant insists he was. The Court agrees that defense counsel has treated Plaintiff fairly, and in fact, has provided extra courtesies to Plaintiff as a pro se litigant. However, this is not the relevant inquiry—the Court must look to the prejudice to Defendant. While delay of any kind may be prejudicial, the delay here is not substantial. As in *Bateman*, where the plaintiff likewise failed to file a timely opposition to the motion for summary judgment, the Defendant here "would have lost a quick victory and, should it ultimately have lost the summary judgment motion on the merits, would have had to reschedule the trial date. But such prejudice is insufficient to justify denial of relief under Rule 60(b)(1)." *Id.* at 1225.

Likewise, the length of the delay and the potential impact on judicial proceedings is minimal. Plaintiff filed his Rule 60(b)(1) motion 10 days after judgment was entered and while it will be necessary to reset the trial date should Defendant's motion for summary judgment be denied, this factor alone is not enough. *See id*. at 1225; *M.D.*, 840 F.3d at 643 (collecting cases holding that minimal delay weighs in favor of a finding of excusable neglect).

The final factor, whether the movant acted in good faith, also weighs in Plaintiff's favor. Although Plaintiff's pursuit of his claims has been less than expedient, he is both pro se and disabled. Further, once Plaintiff finally checked his PO Box and discovered that he had failed to file an opposition to Defendant's motion for summary judgment and judgment had been entered in Defendant's favor, he promptly moved for relief. Under these circumstances, "there is no evidence that [Plaintiff] acted with anything less than good faith. His errors resulted from negligence and carelessness, not from deviousness or willfulness." *Lemoge v. United States*, 587 F.3d 1188, 1197 (9th Cir. 2009) (internal citation omitted).

In sum, while the reason for the delay weighs against a finding of excusable neglect, the neglect here is not so egregious as to outweigh the other factors. *See M.D.*, 840 F.3d at 643 (reversing district court's denial of a Rule 60(b)(1) motion where counsel misread a docket entry and made a calendaring error which resulted in the untimely filing of an amended complaint). Accordingly, the Court concludes that on balance Plaintiff has shown that his failure to file an opposition to Defendant's motion for summary judgment was based on excusable neglect and that the judgment should be set aside under Rule 60(b)(1).

**CONCLUSION**

For the reasons stated above, Plaintiff's Rule 60(b)(1) motion is GRANTED. (Dkt. No. 69.) Plaintiff's motion for a new trial is therefore DENIED AS MOOT. (Dkt. No. 71.)

The Court VACATES its Order granting summary judgment and the entry of judgment in Defendant's favor. (Dkt. Nos. 67 & 68.) The Clerk shall reopen the action.

**Plaintiff's opposition to the previously filed motion for summary judgment is due August 18, 2017. Plaintiff must file his opposition brief by this date. If he fails to do so, judgment will again be entered in Defendant's favor.** Defendant may file a reply to any

5

opposition by September 1, 2017. Upon completion of the briefing, the Court will take the matter under submission and notify the parties if oral argument is necessary. **Plaintiff is reminded of his responsibility as a party to ensure that he is aware of any filings in this action and thus must make arrangements to regularly check his mail.**

Finally, the Court again strongly encourages Plaintiff to seek free assistance from the Northern District's Pro Se Help Desk, United States Courthouse, San Francisco, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102 or the Help Desk at the Oakland Federal Courthouse, 1301 Clay Street, 4th Floor, Room 470S, Oakland, CA 94612. Plaintiff can make an appointment in person or by calling 415-782-8982.

This Order disposes of Docket Nos. 69 & 71.

**IT IS SO ORDERED.**

Dated: July 17, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

1
2
3
4  UNITED STATES DISTRICT COURT
5  NORTHERN DISTRICT OF CALIFORNIA
6
7  ELMER E CAMPBELL,
   Plaintiff,
   Case No. 15-cv-03582-JSC
8
9  v.
   **CERTIFICATE OF SERVICE**
10 MEGAN J. BRENNAN,
   Defendant.
11

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 17, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Elmer E Campbell
P.O. Box 30361
Oakland, CA 94604


Dated: July 17, 2017

Susan Y. Soong
Clerk, United States District Court

By:_____
Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY

7